UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
ANDRE WILLIAMS,                         DKT#: 14-CV-4368

                  Plaintiff,             **FIRST AMENDED COMPLAINT**

    - against -                        **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,           **ECF CASE**
P.O. JOHN MURPHY,
P.O. ERNAN VEGA,
P.O. STEPHEN PICCA,
P.O. VINCENT RACIOPPI,
P.O. JOSEPH PERFETTO and
SGT. ROBERT FISHER, individually and in their
official capacities,

                  Defendant.
-----------------------------------------------------------------------x

Plaintiffs, ANDRE WILLIAMS, by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, ANDRE WILLIAMS, is a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. JOHN MURPHY, P.O. ERNAN VEGA, P.O. STEPHEN PICCA, P.O. VINCENT RACIOPPI, P.O. JOSEPH PERFETTO and SGT. ROBERT FISHER (hereinafter collectively referred to as "defendants" or "defendant police officers"), were duly sworn police officers of the New York City Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE

CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by THE CITY OF NEW YORK.

## FACTS

13. On or about May 18, 2013, the Plaintiff was at 181 Gordon Street in Staten Island, New York (hereinafter referred to as the "apartment" or "apartment building").

14. While at the apartment building the Plaintiff was stopped by the Defendant police officers without justification or lawful authority. While the Plaintiff was stopped, the Defendant police officers demanded Plaintiff's identification.

15. Plaintiff provided his identification as requested by the Defendant police officers.

16. Shortly thereafter, the Plaintiff was ordered to place his hands up against the wall. Then, without justification, one of the Defendant police officers kicked the Plaintiff in the knee with an excessive, unjustified, and unreasonable amount of force, and caused Plaintiff serious physical injuries.

17. Plaintiff was thrown to the floor and then punched by the Defendant police officers about his body.

18. While handcuffed, the Plaintiff was sprayed with a chemical spray in his eyes causing pain and discomfort.

19. The Plaintiff was arrested and charged with Disorderly Conduct, Obstruction of Governmental Administration, and Resisting Arrest.

20. The Plaintiff did not commit a crime on May 18, 2013.

21. The Defendant police officers did not have probable cause, reasonable suspicion, or any lawful basis to stop the Plaintiff, demand his identification, or ask him to place his hands on the wall.

22. The Defendant police officers did not have probable cause to arrest the Plaintiff.

23. Plaintiff's physical injuries included complete tears of the anterior and posterior cruciate ligaments; a grade 3 sprain/complete tear of the medial collateral ligament complex; an attenuation of the proximal fibers of the lateral collateral ligament with associated high signal, which is compatible with high-grade sprain/partial tear; bone contusions; other physical injuries, pain, suffering, emotional distress; and surgery.

24. As a result of the foregoing, the plaintiff suffered, inter alia, multiple bodily injuries as well as psychological injuries, pain, suffering, physical injury, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

27. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

28. The acts complained of were carried out by the aforementioned individual defendants

in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

30. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C § 1983

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

33. That the detention of the plaintiff by the defendants was objectively unreasonable and in violation of Plaintiff's constitutional rights.

34. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. The Plaintiff reserves the right to bring a claim for malicious prosecution after the criminal matter is concluded.

### FOURTH CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C § 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. That the level of force employed by defendants was objectively unreasonable and in violation of Plaintiff's, constitutional rights.

39. As a result of the foregoing, the plaintiff suffered, inter alia, multiple bodily injuries as well as psychological injuries, pain, suffering, physical injury, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants subjected the Plaintiff to excessive force, false arrest, and a protracted and unreasonable traffic stop of the Plaintiff.

42. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority

attendant thereto.

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK, all under the supervision of ranking officers of the New York City Police Department.

44. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, include but are not limited to the following unconstitutional practices:

      (a) Failing to properly train, in general;
      (b) Failing to supervise police officers;
      (c) Subjecting persons to violations of their constitutionally protected rights;
      (d) Subjecting persons to excessive force.
      (e) Subjecting persons to false arrest.

45. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department constituted a deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiff.

46. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

47. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights, for which THE CITY OF NEW YORK is liable.

48. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame,

indignity, damage to reputation, and deprivation of his constitutional rights.

## STATE LAW CAUSES OF ACTION

### FIRST STATE LAW CLAIM FOR RELIEF
*NEGLIGENCE*

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. That the Defendant, CITY OF NEW YORK, had a duty to the Plaintiff to ensure that the CITY OF NEW YORK, through its employees, agents, and servants, and through the Defendant police officers, would not create conditions that would unreasonably increase his chance of being arrested upon a warrant that was not issued for the Plaintiff.

51. That the Defendant, CITY OF NEW YORK, breached that duty when its employees, agents, and servants, including the Defendant police officers, kicked the Plaintiff in the knee with enough force to cause him serious personal injuries.

52. That kicking the Plaintiff was unreasonable and negligent.

53. That it was reasonably foreseeable that kicking the Plaintiff in the knee would cause him serious physical injuries.

54. The Plaintiff's injuries were proximately related to the actions of the CITY OF NEW YORK and the Defendant police officers.

55. That the foregoing injuries sustained by the Plaintiff was caused solely by reason of the carelessness, negligence, wanton and willful disregard on the part of the defendant CITY OF NEW YORK and the Defendant police officers, and without any negligence on the part of the plaintiff, contributing thereto.

## SECOND STATE LAW CLAIM FOR RELIEF
### *NEGLIGENT SUPERVISION*

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendant CITY OF NEW YORK is required to supervise its various agents, servants, and employees, employed by the Defendant CITY OF NEW YORK, including the Defendant police officers.

58. That CITY OF NEW YORK created an unreasonable risk of harm to plaintiff by failing to adequately supervise, control or otherwise monitor the activities of its employees, servants, and/or agents, including the Defendant police officers.

59. That the defendant, CITY OF NEW YORK, caused damages by way of its negligent supervision; and, the Plaintiff is entitled to recover against defendants for his injuries, damages and losses caused by defendant, CITY OF NEW YORK.

## THIRD STATE LAW CLAIM FOR RELIEF
### *NEGLIGENT TRAINING*

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendant, CITY OF NEW YORK is required to adequately train its various agents, servants, and employees, including the Defendant police officers.

62. Defendant, CITY OF NEW YORK created an unreasonable risk of harm to plaintiff by failing to adequately train its various agents, servants, and employees, including the Defendant police officers.

63. That the defendant, CITY OF NEW YORK, caused damages by way of its negligent training; and, the Plaintiff is entitled to recover against defendants for his injuries, damages and

losses caused by defendant.

## FOURTH STATE LAW CLAIM FOR RELIEF
### *FALSE ARREST*

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

66. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of plaintiff's constitutional rights.

67. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FIFTH STATE LAW CLAIM FOR RELIEF
### *MALICIOUS PROSECUTION*

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. The Plaintiff reserves the right to bring a claim for malicious prosecution after the criminal matter is concluded.

## SIXTH STATE LAW CLAIM FOR RELIEF
### *ASSAULT*

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Defendants intended to cause and/or to place the Plaintiff in fear or apprehension of harmful or offensive contacts with Plaintiff's person.

72. Plaintiff was placed in great fear and apprehension of harmful and offensive contacts with her person.

73. Plaintiff was placed in fear and apprehension that the actions of the Defendants would cause him to become injured or falsely arrested.

74. At no time did the Plaintiff consent to any of the acts of the Defendants..

75. The Defendant police officers committed the foregoing acts intentionally, despicably, maliciously, and oppressively to injure the Plaintiff, and in willful and conscious disregard of the safety of the Plaintiff.

## SEVENTH STATE LAW CLAIM FOR RELIEF
### *BATTERY*

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Defendants intended to make harmful or offensive contact with the Plaintiff's person.

78. Plaintiff was subjected to a harmful and offensive contact with her person as a result of the actions of the Defendant police officers.

79. At no time did the Plaintiff consent to any of the acts of the Defendant police officers.

80. The Defendant police officers committed the foregoing acts intentionally, despicably, maliciously, and oppressively to injure the Plaintiff, and in willful and conscious disregard of the

safety of the Plaintiff.

## THEORY OF LIABILITY
## VICARIOUS LIABILITY and RESPONDEAT SUPERIOR

81. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. That the corporate defendant, THE CITY OF NEW YORK, is liable to the Plaintiff for the acts and omissions and negligence of its various agents, servants, and employees, including but not limited to the Defendant police officers, under the legal theories of "Vicarious Liability" and "Respondeat Superior".

## CONDITIONS PRECEDENT

83. Within 90 days of the Plaintiff's injury a Notice of Claim was served upon the defendant City of New York, setting forth:

   a. The name and post office address of the claimant and his attorney;
   b. The nature of the claim;
   c. The time when, the place where, and the manner in which the claim arose;
   d. The items of damages and injuries sustained so far as practicable.

84. The Notice of Claim was served upon the defendant, CITY OF NEW YORK, within 90 days after Plaintiff's several causes of action accrued.

85. That on September 20, 2013, The defendant CITY OF NEW YORK conducted a hearing pursuant to Section 50-H of the General Municipal Law.

86. This action has been commenced against the CITY OF NEW YORK within one year and 90 days after Plaintiff's various causes of action have accrued.

87. Plaintiff has duly complied with all of the conditions precedent to the commencement of these causes of action.

## **DAMAGES AND RELIEF REQU ESTED**

88. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. All of the foregoing acts by defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To be free from an unlawful search and seizure of his property;

    E. To be free from the excessive use of force;

    F. To receive equal protection under the law.

90. By reason of the aforesaid conduct by defendants, plaintiff is entitled to the sum of ten million dollars ($10,000,000.00) in compensatory damages, ten million dollars ($10,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** with respect to the Federal Law Causes of Action, Plaintiff demands judgment in the sum of ten million dollars ($10,000,000.00) in compensatory damages, ten million dollars ($10,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action; and

**WHEREFORE,** with respect to the State Law Causes of Action, Plaintiff demands judgment in the sum of ten million dollars ($10,000,000.00) in compensatory damages, ten million dollars ($10,000,000.00) in punitive damages, plus any further relief as the Court may find just and proper.

Dated: New York, NY
       January 23, 2015

By: /s/ Bryan Konoski
_____
BRYAN KONOSKI (BK2325)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832